Mark Stromberg
**STROMBERG STOCK, P.L.L.C.**
Two Lincoln Centre
5420 LBJ Freeway, Suite 300
Dallas, Texas 75240
Telephone: (972) 458-5353
Facsimile: (972) 770-2156
E-mail: mark@strombergstock.com

*Counsel for Todd Aaron and Dawn Aaron*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **GARY R. GRIFFITH,** | § | **CASE NO. 13-33404-HDH-11** |
| | § | **Chapter 11** |
| Debtor. | § | |

### OBJECTIONS TO DEBTOR'S CLAIMED EXEMPTIONS

COME NOW **TODD AARON** and **DAWN AARON** (collectively, "the Aarons"), who file this their Objections to Debtor's Claimed Exemptions under Rule 4003(b) of the Federal Rules of Bankruptcy Procedure ("FRBP") in the case of **GARY R. GRIFFITH** (the "Debtor"), and would show as follows:

*Jurisdiction*

1.      On July 2, 2013, the voluntary petition initiating this case and seeking relief under Chapter 11 of the Bankruptcy Code was filed. Debtor is now managing his affairs and business properties as a debtor-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.

2.      This Court has jurisdiction over this matter pursuant to 11 U.S.C. §522(b), and 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B) and (E).

*Background Facts*

3.      The Aarons leased their real property and improvements at 9422 Alva Court, Dallas,

Texas (the "Property") to Debtor for fifteen (10) months by virtue of a written, residential lease dated on or about August 4, 2012 (the "Lease"), pursuant to which Debtor agreed to pay the Aarons $8,000 per month in rent.  The Debtor defaulted on his rental payments under the Lease, the Aarons terminated his right to possession of the Property, and filed a suit for forcible detainer; on or about February 15, 2013, the Aarons were awarded a judgment for possession of the Property by the Dallas County Justice Court, Precinct 3, Place 2.  As the result of a breach of a settlement agreement between Debtor and the Aarons for Debtor's continued possession of the Property after the filing of the forcible detainer suit, Debtor was later evicted from the Property.

4.       The Aarons also filed a lawsuit for breach of the Lease against Debtor, Cause No. CC-13-00854-E in the County Court at Law No. 5.  An agreed judgment was entered in this proceeding on March 6, 2013 in favor of the Aarons, awarding judgment against the Debtor for the principal sum of $82,000.00, court costs of $427.00, $10,000.00 in reasonable attorneys' fees, and post-judgment interest at the rate of 18.0% *per annum* (hereafter, the "Judgment").  Debtor did not appeal from the Judgment, and Debtor has not paid the sums due under the Judgment.

5.       Since Debtor was evicted from the Property, he has left behind in the Property certain personalty, some of which he claims as his and some of which is allegedly owned by others (the "Personal Property"), which to this date the Aarons have been forced to warehouse at the Property, and which has prevented them from reletting the Property.  The Aarons have claimed a lien on the Personal Property pursuant to the Lease, and under Texas law.

6.       Debtor is a single filer; his Schedules filed pursuant to 11 U.S.C. §521 claim exemptions for a list of personal property (including some or all of the Personal Property) with an alleged value of $172,509.00 and for an Exempt Value of $60,000.00 (hereafter, the "Personalty

Exemption Claims").

7.    Debtor also claims exempt value for real property at 4694 FM 2869, Winnboro, Texas in the sum of $755,889.00 relative to a total value of $1.8 million (the "Winsboro Property Exemption Claim"). Debtor's interest in the Winnsboro Property is currently resulting in negative cash flow (i.e. monthly operating losses even before debt service for the property or payment for the equipment being used for upkeep on that property) to the Debtor's estate, and it is believed - - based on Debtor's testimony at his initial meeting of creditors - - that even if Debtor is "successful" in maximizing the operating revenue from that property (for hay leases, grazing, or other agricultural uses) that it will continue to operate at a meaningful negative cash flow if secured creditors' debts are being serviced.

***Objections to Exemption Claims***

8.    The Aarons object to the Personalty Exemption Claims inasmuch as: a) the value of the claimed exemptions is disputed; b) Debtor is claiming the totality of the marital exemption for himself when his non-filing spouse owns half of the exemption rights; c) the amount of property claimed as exempt, even by Debtor's valuation, is far in excess of the Texas Property Code exemptions to which Debtor (even including his spouse) would be entitled; and d) Schedule C fails to identify which personal property from among all that is listed will be exempted.

9.    The Aarons also object to Debtor's Winnsboro Property Exemption Claim to the extent that the real property and improvements claimed as exempt exceed the amounts of real property permissibly exempted under the Texas Property Code.

10.    The Aarons maintain that this Court should determine of which of Debtor's real and personal property claims are valid or excessive and, as to those which exceed Texas law and/or the Bankruptcy Code, the Court or the U. S. Trustee should deny the exemption claims and identify

those items or parcels which must be sold for the benefit of creditors.

**WHEREFORE, PREMISES CONSIDERED,** the Aarons respectfully pray that, upon final hearing of these Objections, Debtor's exemption claims be denied, in whole or in part, as set forth herein and in accordance with applicable law.

Respectfully submitted,

**STROMBERG STOCK, P.L.L.C.**

By: _____
Mark Stromberg
State Bar No. 19408830

**Two Lincoln Centre**
**5420 LBJ Freeway, Suite 300**
**Dallas, Texas    75240**
**Telephone:  (972) 458-5353**
**Facsimile:  (972) 770-2156**
**E-mail:  mark@strombergstock.com**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served via first class mail, postage prepaid, upon: Debtor; the Attorney for the United States Trustee; Debtor's counsel; and on all other persons requesting notice via ECF notification, on or before this 7th day of October, 2013.

_____
**MARK STROMBERG**

-4-