Howard Marc Spector
TBA #00785023
Spector & Johnson PLLC
12770 Coit Road, Suite 1100
Dallas, Texas 75251
[214] 365-5377
FAX: [214] 237-3380
EMAIL: hspector@spectorjohnson.com

COUNSEL FOR GARY R. GRIFFITH

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | **Case No. 13-33404-HDH-11** |
| **Gary R. Griffith** | § | |
| | § | |
| **Debtor.** | § | **(Chapter 11)** |

<div style="border:1px solid">

First Amended Plan of Reorganization

Filed by the Debtor

Dated: March 25, 2014

Winnsboro, Texas

</div>

The Debtor, as debtor-in-possession proposes this First Amended Plan of Reorganization under chapter 11 of the Bankruptcy Code.

## ARTICLE 1: DEFINITIONS AND INTERPRETATION

### 1.1    *Definitions*

The capitalized terms used herein shall have the respective meanings set forth below:

(a)    "**Ad Valorem Taxing Authority**" shall mean any governmental entity entitled by law to assess taxes on property based upon the value of such property and to take a statutory Lien senior to Liens filed of record to secure the payment of such taxes and interest accruing thereon.

(b)    "**Administrative Claim**" shall mean a Claim entitled to priority under sections 503[b] and 507[a][1] of the Bankruptcy Code in the Case of the Debtor.

(c)    "**Allowed**" when used with respect to any Claim, except for a Claim that is an Administrative Claim, shall mean [1] such Claim to the extent it is not a Contested Claim; [2] such Claim to the extent it may be set forth pursuant to any stipulation or agreement that has been approved by Final Order; or [3] a Contested Claim, proof of which was filed timely with the Bankruptcy Court and [A] as to which no objection was filed by the Objection Deadline, unless such Claim is to be determined in a forum other than the Bankruptcy Court, in which case such Claim shall not become Allowed until determined by Final Order of such other forum and Allowed by Final Order of the Bankruptcy Court; or [B] as to which an objection was filed by the Objection Deadline, to the extent Allowed by Final Order.

(d)    "**Ballot**" shall mean the Ballot to be used by creditors to cast their votes to accept or reject the Plan.

(e)    "**Balloting Agent**" shall mean Howard Marc Spector, as agent for the Debtor.

(f)    "**Bankruptcy Code**" shall mean the Bankruptcy Reform Act of 1978, as amended, and codified at title 11 of the United States Code.

(g)    "**Bankruptcy Court**" shall mean the Bankruptcy Court unit of the United States District Court for the Northern District of Texas, or such other court having jurisdiction over the Case.

(h)    "**Bankruptcy Rules**" shall mean the Federal Rules of Bankruptcy Procedure, as prescribed by the United States Supreme Court pursuant to section 2075 of title 28 of the United States Code.

(i)    "**Business Day**" shall mean any day on which commercial banks are open for business in Dallas, Texas.

(j)    "**Cash**" shall mean legal tender of the United States of America or short-term liquid investments that are readily convertible to known amounts of legal tender of the United States of America and which present an insignificant risk of changes in value.

(k)    "**Case**" shall mean the Case of the Debtor commenced under the Bankruptcy Code.

(l)    "**City National**" shall mean The City National Bank.

(m)  "**Collateral**" shall mean any property of the Debtor subject to a valid, enforceable and non-avoidable Lien to secure the payment of a Claim.

(n)  "**Community Trust**" shall mean Community Trust Bank.

(o)  "**Confirmation Date**" shall mean the date on which the Clerk of the Bankruptcy Court enters the Confirmation Order.

(p)  "**Confirmation Hearing**" shall mean the date on which the Bankruptcy Court holds the hearing[s] on confirmation of the Plan.

(q)  "**Confirmation Order**" shall mean the order of the Bankruptcy Court confirming the Plan.

(r)  "**Contested**," when used with respect to a Claim, shall mean a Claim against the Debtor [1] that is listed in the Debtor's Schedules as disputed, contingent or unliquidated; [2] that is listed in the Debtor's Schedules as undisputed, liquidated and not contingent and as to which a proof of Claim has been filed with the Bankruptcy Court, to the extent the proof of Claim amount exceeds the scheduled amount; and [3] that is not listed in the Debtor's Schedules, but as to which a proof of Claim has been filed with the Bankruptcy Court and to which an objection has been filed. Notwithstanding the foregoing, after the Objection Deadline, only Claims to which an Objection has been filed shall be deemed Contested Claims.

(s)  "**Contracts**" shall mean all executory contracts and unexpired leases as such terms are used within Bankruptcy Code section 365 to which the Debtor was a party as of the Petition Date, as the case may be.

(t)  "**Cure Payment**" shall be the monetary payments required pursuant to Bankruptcy Code section 365[b][1][A] to cure defaults under Contracts to which the Debtor is a party and which will be assumed pursuant to the Plan. Such Cure Payment shall be conclusively determined and set for each such Contract at the Confirmation Hearing.

(u)  "**Debtor**" shall mean Gary R. Griffith.

(v)  "**Deed of Trust**" shall mean that certain Deed of Trust dated February 17, 2011 executed by the Debtor with respect to the Homestead Property, and of which City National is the beneficiary.

(w)  "**Disallowed**," when used with respect to a Claim, shall mean a Claim that has been disallowed by Final Order.

(x)  "**Disputed Claim Reserve**" shall mean the reserve accounts established pursuant to this Plan for funding Disputed Claims if such Claims are ultimately allowed by Final Order and which are to be held pending resolution of Disputed Claims by the entry of a Final Order allowing or disallowing such Disputed Claim[s].

(y)  "**Effective Date**" shall mean a Business Day selected by the Debtor or Reorganized Debtor, as the case may be, occurring within ten [10] days of the first Business Day on which the Confirmation Order becomes a Final Order.

(z)  "**Estimated Amount**" means the maximum amount at which the Bankruptcy Court or, where required by applicable law, the District Court, estimates any Claim [or class of Claims] against the Debtor which is contingent, unliquidated or disputed, including, for the purpose of: [a] distribution under § 502[c], Bankruptcy Code; [b] determining the feasibility of this Plan pursuant

to § 1129[a][11], Bankruptcy Code for purposes of its Confirmation; or [c] voting to accept or reject this Plan pursuant to Bankruptcy Rule 3018[a].

(aa) "**Estimation Order**" means an Order of the Bankruptcy Court or, where required by applicable law, the District Court, that determines the Estimated Amount of any Claim [or class of Claims], against the Debtor for any of the purposes as provided in this Plan.

(bb) "**Exempt Property**" shall mean that property listed on Schedule C of a Schedule as it has or may be amended from time to time; provided however that Exempt Property shall not include any property determined to be non-exempt pursuant to Bankruptcy Rule 4003.

(cc) "**Fee Application**" shall mean an application of a Professional Person under section 330 or 503 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in the Case.

(dd) "**Fee Claim**" shall mean a Claim under section 330 or 503 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in the Case.

(ee) "**Final Order**" shall mean an order which has been entered and [1] as to which the time to appeal, petition for certiorari or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari or other proceedings for reargument or rehearing shall then be pending or [2] in the event that an appeal, writ of certiorari, reargument or rehearing thereof has been sought, such order shall have been affirmed by the highest court to which such order was appealed, or certiorari has been denied or from which reargument or rehearing was sought, and the time to take any further appeal, petition for certiorari or move for reargument or rehearing shall have expired; provided, however, that no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure may be filed with respect to such order.

(ff) "**First Victoria**" shall mean First Victoria National Bank.

(gg) "**Ford**" shall mean Ford Motor Credit.

(hh) "**General Unsecured Claim**" shall mean any Claim against the Debtor that is not Secured Claim, an Administrative Claim, or a Priority Tax Claim.

(ii) "**Homestead Property**" shall mean the real property and improvements located at 4694 FM 2869, Winnsboro, Texas.

(jj) "**Objection Deadline**" shall mean the date by which objections to Claims shall be filed with the Bankruptcy Court and served upon the respective holders of each of the Claims as provided in Section 9.1 of the Plan.

(kk) "**Penalty Claims**" shall mean Claims for penalties or punitive damages, including Claims denominated as "interest" which the Bankruptcy Court determines to be punitive in nature.

(ll) "**Petition Date**" shall mean July 2, 2013.

(mm) "**Plan**" or "**Plan of Reorganization**" shall mean this First Amended Plan of Reorganization, either in its present form or as it may hereafter be altered, amended or modified from time to time.

(nn) "**Plan Secured Note**" shall mean a promissory note made payable by the applicable Reorganized Debtor to the holder of certain Allowed Secured Claims in equal monthly installments

of principal and interest beginning on the Effective Date, and which incorporate the following material financial terms:

| Class | Annual Interest Rate | Principal Amount | Note Term | Amortization Term |
|-------|---------------------|------------------|-----------|-------------------|
| 3 | 6% | Allowed Class 3 Claim ($40,000) | 5 years | 5 years |
| 4 | 6% | Allowed Class 4 Claim (Approximately $37,500) | 4.5 years | 4.5 years |
| 5 | 6% | Allowed Class 5 Claim (Approximately $32,400) | 5 years | 5 years |
| 6 | 6% | Allowed Class 6 Claim (Approximately $27,000) | 5 years | 5 years |
| 7 | 6% | Allowed Class 7 Claim ($36,000) | 7 years | 7 years |
| 8 | 6% | Allowed Class 8 Claim (Approximately $96,586) | 7 years | 7 years |

(oo)    "**Priority Tax Claim**" shall mean a Claim of a governmental unit of the kind specified in section 507[a][8] of the Bankruptcy Code, specifically including but not limited to claims for tax years ending on or before the Petition Date.

(pp)    "**Professional Person**" shall mean a person retained or to be compensated pursuant to section 327, 328, 330, 503[b] or 1103 of the Bankruptcy Code.

(qq)    "**Pro Rata Share**" shall mean the proportion that the amount of an Allowed Claim in a particular class, subclass or group of Claims bears to the aggregate amount of all Claims in such class, subclass or group of Claims, including Contested Claims, but not including Disallowed Claims.

(rr)    "**Protected Party**" shall mean any co-debtor, co-maker, responsible person or guarantor that otherwise would be jointly or severally liable for payment of a Claim against the Debtor.

(ss)    "**Reorganized Debtor**" shall mean the Debtor, as reorganized, on and after the Effective Date.

(tt)    "**Santander**" shall mean Santander Consumer Credit.

(uu)    "**Schedules**" shall mean the Schedules of assets and liabilities and the statements of financial affairs filed by the Debtor as required by section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as such Schedules and statements have been or may be supplemented or amended.

(vv) "**Secured Claim**" shall mean a Claim secured by a Lien on property of the Debtor, which Lien is valid, perfected and enforceable under applicable law, is not subject to avoidance under the Bankruptcy Code or other applicable non-bankruptcy law and which is duly established in the Case, but only to the extent of the value of the Collateral that secures payment of such Claim.

(ww) "**Subordinated Claim**" shall mean any Claim [1] subordinated by contract or by order of the Bankruptcy Court to the right of payment of General Unsecured Claims and [2] any Penalty Claim.

(xx) "**Unsecured Claim**" shall mean a Claim other than a Secured Claim.

(yy) "**Unsecured Creditors Pool**" shall mean a fund maintained and funded by the Debtor. The Debtor shall pay $200 per month for a period of five (5) years from the Effective Date so as to completely fund the Unsecured Creditors' Pool.

(zz) "**Voting Deadline**" shall mean the date set by the Bankruptcy Court by which Ballots for accepting or rejecting the Plan must be received by the Balloting Agent.

Words and terms defined in section 101 of the Bankruptcy Code shall have the same meaning when used in the Plan, unless a different definition is given in the Plan. The rules of construction contained in section 102 of the Bankruptcy Code shall apply to the construction of the Plan.

### 1.2 *Interpretation*

Unless otherwise specified, all section, article and exhibit references in the Plan are to the respective section in, article of or exhibit to the Plan, as the same may be amended, waived or modified from time to time. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions of the Plan. Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.

### 1.3 *Reorganized Debtor*

The Plan shall be liberally construed for the benefit of the Debtor and Reorganized Debtor regarding the interchangeableness of the term "*Debtor*" with the term "*Reorganized Debtor*" and other instances of the use "*Reorganized.*"

### ARTICLE 2: CLASSIFICATION OF CLAIMS

### 2.1 *Claims Classified*

For purposes of organization, voting and all confirmation matters, except as otherwise provided herein, all Claims [except for Administrative Claims] shall be classified as set forth in this Article 2 of the Plan.

### 2.2 *Administrative Claims*

Administrative Claims against the Debtor shall not be classified for purposes of voting or receiving distributions under the Plan. Rather, all such Claims shall be treated separately on the terms set forth in Article 5 of the Plan.

**2.3** *Claims*

The Plan classifies the Claims against the Debtor as follows:

### *Secured Claims*

| | | |
|---|---|---|
| [a] | Class 1: | Any Allowed Secured Claims of Ad Valorem Taxing Authorities. |
| [b] | Class 2: | Any Allowed Secured Claims of City National on the Homestead Property. |
| [c] | Class 3: | Any Allowed Secured Claims of City National on property other than the Homestead Property. |
| [d] | Class 4: | Any Allowed Secured Claims of Community Trust. |
| [e] | Class 5: | Any Allowed Secured Claims of Ford. |
| [f] | Class 6: | Any Allowed Secured Claims of Santander. |
| [g] | Class 7: | Any Allowed Secured Claims of First Victoria. |
| [h] | Class 8: | Any Allowed Secured Claims of Todd and Dawn Aaron. |
| [i] | Class 9: | Any Allowed Secured Claims of Berkley Aviation. |
| [j] | Class 10: | Any Allowed Secured Claims of Patriot Bank. |
| [k] | Class 11A–11Z: | Any Allowed Secured Claims not otherwise classified. |

### *Unsecured Claims*

| | | |
|---|---|---|
| [l] | Class 12: | Any Allowed General Unsecured Claims. |

### *Interests*

| | | |
|---|---|---|
| [m] | Class 13: | Interests of the Debtor. |

## ARTICLE 3: IDENTIFICATION OF IMPAIRED CLASSES OF CLAIMS

**3.1** *Impaired Classes of Claims and Interests*

Classes 1 through 12 are impaired under the Plan.

**3.2** *Impairment Controversies*

If a controversy arises as to whether any Claim or any class of Claims is impaired under the Plan, the Bankruptcy Court shall, upon notice and a hearing, determine such controversy.

## ARTICLE 4: PROVISIONS FOR TREATMENT OF CLAIMS UNDER THE PLAN

**4.1** *Funding of Plan and Treatment of Claims*

The Debtor intends to pay Classes of Allowed Claims under the Plan as follows:

### *Secured Claims*

[a] *Class 1 – Any Allowed Secured Claims of Ad Valorem Taxing Authorities.* Ad Valorem Taxing Authorities' Claims shall to be paid in forty-eight [48] equal monthly payments

beginning on the Effective Date with interest at 1% per month.  All such Ad Valorem Taxing Authorities shall retain their Liens until their Class 1 Allowed Secured Claim is paid in full.

[b]      *Class 2 – Any Allowed Secured Claims of City National on the Homestead Property*. City National's Class 2 Allowed Secured Claim, shall be treated as a fully Secured Claim.  City National shall receive payment pursuant to that Adjustable Rate Note dated February 17, 2011 save and except that the final payment date of the Adjustable Rate Note shall be January 17, 2042.  Any amounts paid to City National by the Debtor prior to the Effective Date shall be applied to negative escrow amounts, then to fees and costs, then to interest, and lastly to principal.  Any defaults occurring prior to the Confirmation Date shall be deemed cured upon entry of the Confirmation Order. City National shall retain its Liens securing its Class 2 Allowed Secured Claim as security for the payments due hereunder until the final payment is made on or before January 17, 2042 on City National's Class 2 Allowed Secured Claim, at which time City National shall release its Liens.  Notwithstanding the terms of the Deed of Trust, no Lien upon the Homestead Property shall be deemed a default of Deed of Trust so long as such Lien is provided for under the Plan and the Debtor is not in default of the terms of repayment of such Lien as provided in the Plan.

[c]      *Class 3 – Any Allowed Secured Claims of City National on property other than the Homestead Property*.  In full and final satisfaction of its Class 3 Allowed Secured Claim, the holder of the Class 3 Claim shall receive a Plan Secured Note.  Such holder shall retain its Liens on all Collateral securing the Allowed Class 3 Claim as they exist on the Confirmation Date to secure repayment of the Plan Secured Note.  Upon payment in full of the Plan Secured Note, the holder of the Allowed Class 3 Claim shall release its Liens.

[d]      *Class 4 - Any Allowed Secured Claim of Community Trust*.  In full and final satisfaction of its Class 4 Allowed Secured Claim, the holder of the Class 4 Claim shall receive a Plan Secured Note.  Such holder shall retain its Liens on all Collateral securing the Allowed Class 4 Claim as they exist on the Confirmation Date to secure repayment of the Plan Secured Note.  Upon payment in full of the Plan Secured Note, the holder of the Allowed Class 4 Claim shall release its Liens.

[e]      *Class 5 - Any Allowed Secured Claim of Ford*.  In full and final satisfaction of its Class 5 Allowed Secured Claim, the holder of the Class 5 Claim shall receive a Plan Secured Note. Such holder shall retain its Liens on all Collateral securing the Allowed Class 5 Claim as they exist on the Confirmation Date to secure repayment of the Plan Secured Note.  Upon payment in full of the Plan Secured Note, the holder of the Allowed Class 5 Claim shall release its Liens.

[f]      *Class 6 - Any Allowed Secured Claim of Santander*.  In full and final satisfaction of its Class 6 Allowed Secured Claim, the holder of the Class 6 Claim shall receive a Plan Secured Note.  Such holder shall retain its Liens on all Collateral securing the Allowed Class 6 Claim as they exist on the Confirmation Date to secure repayment of the Plan Secured Note.  Upon payment in full of the Plan Secured Note, the holder of the Allowed Class 6 Claim shall release its Liens.

[g]      *Class 7 - Any Allowed Secured Claims of First Victoria*. In full and final satisfaction of its Class 7 Allowed Secured Claim, the holder of the Class 7 Claim shall receive a Plan Secured Note.  Such holder shall retain its Liens on all Collateral securing the Allowed Class 7 Claim as

they exist on the Confirmation Date to secure repayment of the Plan Secured Note. Upon payment in full of the Plan Secured Note, the holder of the Allowed Class 7 Claim shall release its Liens.

[h]     *Class 8 - Any Allowed Secured Claims of Todd and Dawn Aaron.* In full and final satisfaction of their Class 8 Allowed Secured Claim, the holder of the Class 8 Claim shall receive a Plan Secured Note. Such holder shall retain their Liens on all Collateral securing the Allowed Class 8 Claim as they exist on the Confirmation Date to secure repayment of the Plan Secured Note. Upon payment in full of the Plan Secured Note, the holder of the Allowed Class 8 Claim shall release their Liens.

[i]     *Class 9 - Any Allowed Secured Claims of Berkley Aviation.* Class 9 shall receive no distribution on account of its Class 9 Secured Claim. Any Lien recorded within the ninety [90] days prior to the Petition Date shall be release by the holder of the Class 9 Claim and any Claim of the holder of the Class 9 Claim shall be treated solely as a General Unsecured Claim.

[j]     *Class 10 - Any Allowed Secured Claims of Patriot Bank.* Class 10 shall receive no distribution on account of its Class 10 Secured Claim. Any Lien recorded within the ninety [90] days prior to the Petition Date shall be release by the holder of the Class 10 Claim and any Claim of the holder of the Class 10 Claim shall be treated solely as a General Unsecured Claim.

[k]     *Class 11A–11Z - Any Allowed Secured Claims not otherwise classified.* Each holder of a Allowed Secured Claim other than those classified in Class 1, Class 2, Class 3, Class 4, Class 5, Class 6, Class 7, Class 8, Class 9 or Class 10 shall receive on the Effective Date on account of its Class 11 Allowed Secured Claim at the Debtor's option, either [i] a Plan Secured Note on the same terms as holders of Allowed Class 5 Claims, except that the amount of such note shall be the amount of such holder's Allowed Class 11 Claim, which secured by such holder's existing Liens or other payments of Cash or non-Cash, in the amount of its Allowed Secured Claim, or [ii] the surrender to such holder of all Collateral securing such Allowed Secured Class 11 Claim in accordance with *In re Sandy Ridge Development Corp*, 881 F.2d 1346 [5th Cir. 1989], in which case such Class 11 Allowed Claim shall be deemed paid in full and fully satisfied and any deficiency thereon shall be treated as a General Unsecured Claim. Each holder of an Allowed Claim in Class 11 shall be separately classified into a subclass [*e.g.*, 11A, 11B]. Upon payment in full of any Plan Secured Note given to a holder of a Class 11 Claim, such holder shall release its Liens.

[l]     Notwithstanding the foregoing treatment specified above, the Debtor may, at its option, provide any holder of a Allowed Claim in Class 1, Class 2, Class 3, Class 4, Class 5, Class 6, Class 7, Class 8, Class 9, Class 10 or Class 11 treatment as provided under section 1124[2] or [3] of the Bankruptcy Code, with the Cash payments required by section 1124[2][A] and [C] of the Bankruptcy Code being made on the Effective Date; or [b] such holder's Collateral. If such holder of an Allowed Secured Claim against the Debtor receives treatment as provided in [a] above, such holder shall retain any Liens securing the Allowed Secured Claim until paid in full.

[m]     Notwithstanding the foregoing, the Debtor and any holder of a Allowed Secured Claim may agree to any alternate treatment of such Secured Claim, which treatment shall include preservation of such holder's Lien; provided, however, that such treatment shall not provide a

return to such holder of an amount having a present value in excess of the amount of such holder's Allowed Secured Claim. Each such agreement shall be presented to the Bankruptcy Court before or within 90 [ninety] days after the Effective Date and shall not materially and adversely impact the treatment of any other creditor under the Plan.

### Unsecured Claims

[n]     *Class 12 – Any Allowed General Unsecured Claim.* Any holder of a General Unsecured Claims against the Debtor shall receive its Pro Rata Share of the Unsecured Creditors' Pool. Payments from the Unsecured Creditors' Pool will be distributed on a semi-annual basis to holders of Allowed General Unsecured Claims.

### Interests

[o]     *Class 13 – Interests of the Debtor.* The Debtor shall retain his interest in all Exempt Property and non-Exempt Property.

## ARTICLE 5 : PROVISIONS FOR TREATMENT OF UNCLASSIFIED CLAIMS UNDER THE PLAN

### 5.1     *Treatment of Administrative Claims and Priority Tax Claims*

Each holder of an Allowed Priority Tax Claim or Allowed Administrative Claim against the Debtor shall receive on the Effective Date one of the following [i] the amount of such holder's Allowed Claim in one Cash payment; or [ii] such other treatment as may be agreed upon in writing by the Debtor and such holder. Provided, however, that an Administrative Claim representing a liability incurred in the ordinary course of business may be paid in the ordinary course of business. Liens securing Administrative Claims held by Ad Valorem Taxing Authorities remain unaffected by this Plan.

### 5.2     *Procedure for Filing Administrative Claims*

Save and except Ad Valorem Taxing Authorities, the holder of an Administrative Claim [including Fee Claims] incurred before the Effective Date shall be required to file with the Bankruptcy Court, and serve on all parties required to receive notice, notice of such Administrative Claim and, if applicable, a Fee Application within sixty [60] days after the Effective Date. Failure to file and serve these documents timely and properly shall result in the Administrative Claim being forever barred and discharged.

## ARTICLE 6: ACCEPTANCE OR REJECTION OF THE PLAN

### 6.1     *Classes Entitled to Vote*

Classes 1, 2, 3, 4, 5, 6, 7, 8, and 11 shall be entitled to vote separately to accept or reject the Plan as provided in applicable Bankruptcy Court orders and the Bankruptcy Code. Classes 9 and 10 do not vote since they are deemed to reject the Plan. Class 13 does not vote since it is deemed to accept the Plan.

### 6.2     *Class Acceptance Requirement*

A class of Claims shall have accepted the Plan if it is accepted by at least two-thirds in amount and more than one-half in number of the Allowed Claims in such class that have voted on the Plan.

### 6.3     *Cramdown*

If any class of Claims shall fail to accept the Plan in accordance with section 1126[c] of the Bankruptcy Code, the Bankruptcy Court may still confirm the Plan in accordance with section 1129[b] of the Bankruptcy Code. In the event that confirmation is requested under section 1129[b] of the Bankruptcy Code, the Debtor reserve the right to amend or otherwise modify the Plan to eliminate distributions to holders of any Claims junior to any class of Claims that is impaired under and has not accepted the Plan in accordance with section 1129[b][2] of the Bankruptcy Code.

## ARTICLE 7: MEANS FOR IMPLEMENTATION OF THE PLAN

### 7.1     *Vesting of Assets*

On the Effective Date, all real and personal property of the estate of the Debtor, including but not limited to all causes of action of the Debtor, and any avoidance actions of the Debtor, under applicable non bankruptcy law or the Bankruptcy Code, shall vest in the Debtor as Reorganized Debtor and shall not be assertable by any party other than the Reorganized Debtor on behalf of his creditors subject to those Claims, Liens, and encumbrances as Allowed and restructured in this Plan and as specified herein. Provided however, that upon any subsequent conversion of a Case under chapter 7 of the Reorganized Debtor, all assets vesting in Reorganized Debtor, other than Exempt Property, shall pass to the chapter 7 trustee as property of the chapter 7 estate subject to those Claims, Liens, and encumbrances as Allowed and restructured in this Plan and as specified herein.

### 7.2     *Assumption of Liabilities*

The liability for and obligations under the Plan shall be assumed by and become obligations of the Reorganized Debtor.

### 7.3     *Disputed Claims*

[a]     Establishment of Disputed Claims Reserve. Notwithstanding any other provision of this Plan, no assets or property shall be distributed under this Plan on account of any Disputed Claim. For all Disputed Claims, a Reorganized Debtor shall establish and hold, in trust, distributions to be made on account of Plan Unsecured Note payable to the holders of Disputed Claims [each such reserve being herein called a "Disputed Claims Reserve"] with respect to each Class 1, 2, 3, 4, 5, 6, 7, 8, 11 or 12 Claim for which there exists a Disputed Claim, and shall place in each Disputed Claims Reserve the assets and property to be distributed on account of such Disputed Claims pursuant to this Plan, pending Allowance or Disallowance of such Claim. Pending entry of a Final Order concerning a Disputed Claim, the Reorganized Debtor shall pay into the Disputed Claims Reserve all payments provided for under this Plan pursuant to any Allowed Claim which would have been required to be delivered to the claimant absent a Disputed Claim. Cash held in any Disputed Claims Reserve shall be held in a segregated interest-bearing trust account. To the

extent practicable, the Reorganized Debtor may invest the Cash in any Disputed Claims Reserve in a manner that will yield a reasonable net return, taking into account the safety of the investment.

[b]     Determination of Disputed Claims Reserve.  The Bankruptcy Court may, at any time, determine for each Class 1, 2, 3, 4, 5, 6, 7, 8, 11 or 12 Claim, the amount of assets and property sufficient to fund each Disputed Claims Reserve established with respect to any such class.  The Bankruptcy Court may estimate and determine by an Estimation Order the Estimated Amount of Claims in each class for which a Disputed Claims Reserve has been established.  Save and except Ad Valorem Taxing Authorities, any claimant holding a Disputed Claim so estimated will have recourse only to undistributed assets and property in the Disputed Claims Reserve for the class in which such Disputed Claim has been placed and not to the Reorganized Debtor or any other assets or property, should the Allowed Claim of such claimant, as finally determined by a Final Order, exceed such Estimated Amount.

[c]     Return of Assets.  Except as otherwise provided herein, all assets and properties [and all interest payments and dividends previously paid in connection therewith] in any Disputed Claims Reserve for any class of Claims remaining after the resolution of all disputes relating thereto shall be returned to the appropriate Reorganized Debtor for distribution in accordance with this Plan.

[d]     Withholding of Taxes.  The Reorganized Debtor shall withhold from any assets and property distributed under this Plan any assets and or property which must be withheld for federal, state and local taxes payable by the Entity entitled to such property to the extent required by applicable law.

### 7.4    *Estimated Claims*

Except as otherwise provided herein, the Court may estimate for purposes of allowance pursuant to § 502[c], Bankruptcy Code, [i] any Disputed Claim or unliquidated Claim, or [ii] any portion or part of an Claim that is, itself, unliquidated.  Any Estimation Order, to the extent it becomes a Final Order, shall determine the amount of the Allowed Claim so estimated.

### 7.5    *Claims on File; No Allowance of Untimely Claims*

The Debtor is relying on the formal proofs of Claims on file and the Debtor's Schedules currently on file in seeking confirmation of the Plan.   No informal proof of claim shall be deemed to have been filed in this Case.

### 7.6    *Valuation of Excess Homestead Acreage*

Confirmation of the Plan shall constitute a valuation by the Bankruptcy Court that the non-Exempt portion of the Homestead Property is less than or equal to $128,000.00.  The Debtor shall provide evidence of this valuation at the Confirmation Hearing.

## ARTICLE 8: PROVISIONS GOVERNING DISTRIBUTIONS

### 8.1    *Distributions*

Any distributions and deliveries to be made under the Plan shall be made on the Effective Date, as funds are available, as otherwise provided for herein, or as the Bankruptcy Court may order.

### 8.2    *Delivery of Distributions*

Subject to Bankruptcy Rule 9010, distributions to holders of Allowed Claims shall be made at the address of each such holder as set forth on the proofs of Claim filed by such holders [or at the last known address of such a holder if no proof of Claim is filed or if the Debtor has been notified in writing of a change of address]. If any holder's distribution is returned as undeliverable, no further distributions to such holder shall be made unless and until the Debtor is notified in writing of such holder's then current address, at which time all missed distributions shall be made to such holder without interest. Save and except with respect to Ad Valorem Taxing Authorities, after the first anniversary of the Effective Date, all unclaimed property shall revert to the Reorganized Debtor or any successor thereto, and the claim of any holder with respect to such property shall be discharged and forever barred.

### 8.3    *Time Bar to Cash Payments*

Checks issued by the Reorganized Debtor in respect of Allowed Claims shall be null and void if not negotiated within six months after the date of issuance thereof. Requests for reissuance of any check shall be made directly to the Reorganized Debtor by the holder of the Allowed Claim with respect to which such check originally was issued. Save and except with respect to Ad Valorem Taxing Authorities, any claim in respect of such a voided check shall be made on or before the later of [1] the first anniversary of the Effective Date or [2] 90 days after the date of reissuance of such check. After such date, all claims in respect of void checks shall be discharged and forever barred.

## ARTICLE 9:
## PROCEDURES FOR RESOLVING AND TREATING CONTESTED AND DISPUTED CLAIMS UNDER THE PLAN

### 9.1    *Objection Deadline*

As soon as practicable, but in no event later than sixty [60] days after the Effective Date, unless otherwise ordered by the Bankruptcy Court, objections to Claims shall be filed with the Bankruptcy Court and served upon the holders of each of the Claims to which objections are made. Notwithstanding the foregoing sentence, as to any Claim which is filed after the Effective Date, an objection to such Claim shall be filed on or before sixty [60] days after the date on which such Claim is filed.

### 9.2 *Prosecution of Objections*

On and after the Effective Date, except as the Bankruptcy Court may otherwise order, the filing, litigation, settlement or withdrawal of all claim objections may be made by the Reorganized Debtor.

### 9.3 *No Distributions Pending Allowance*

Notwithstanding any other provision of the Plan, no payment or distribution shall be made with respect to any Claim to the extent it is a Contested Claim unless and until such Contested Claim becomes an Allowed Claim, except with respect to Ad Valorem Taxing Authorities, in which case the Debtor shall pay the undisputed portion of any Contested Claim of an Ad Valorem Taxing Authority. Payments and distributions to each holder of a Contested Claim, to the extent that such Claim ultimately becomes an Allowed Claim, shall be made in accordance with the provisions of the Plan governing the class of Claims to which the respective holder belongs.

<div align="center">

**ARTICLE 10:**
**PROVISIONS GOVERNING EXECUTORY CONTRACTS AND**
**UNEXPIRED LEASES UNDER THE PLAN**

</div>

### 10.1 *Assumption or Non-Assumption of Certain Contracts*

This Plan constitutes a motion, pursuant to Bankruptcy Code § 365[a] to reject all Contracts, except those expressly assumed by the Debtor, in writing, at or prior to the Confirmation Hearing.

### 10.2 *Bar to Rejection Damages*

If the rejection of a Contract by the Debtor pursuant to this Plan results in damages to the other party or parties to such Contract, a Claim for such damages, if not heretofore evidenced by a filed proof of Claim, shall be forever barred and shall not be enforceable against the Debtor, the Reorganized Debtor or his respective property or agents, successors or assigns, unless a proof of Claim is filed with the Bankruptcy Court and served upon counsel for the Debtor on or before sixty [60] days following the Effective Date.

### 10.3 *Insurance Policies*

Notwithstanding anything in the Plan or Sections 10.1 and 10.2 of the Plan, all insurance policies under which the Debtor is the insured party shall be deemed assumed as of the Confirmation Date. All payments upon such policies are current; no cure payments are necessary.

<div align="center">

**ARTICLE 11: RETENTION OF JURISDICTION**

</div>

### 11.1 *Scope of Jurisdiction*

Pursuant to sections 1334 and 157 of title 28 of the United States Code, until the time that an order is entered closing either of the Case, the Bankruptcy Court shall retain and have jurisdiction over all matters arising in, arising under and related to the Case and the Plan. Without limitation, the Bankruptcy Court shall retain jurisdiction for the following specific purposes after the Confirmation of this Plan:

[a]     to modify this Plan pursuant to the Bankruptcy Rules and the Bankruptcy Code;

[b]     to enforce and interpret the terms and conditions of this Plan;

[c]     to enter such orders, including injunctions, as are necessary to enforce the title, rights, and powers of the Reorganized Debtor;

[d]     to enter an order concluding and terminating the Case;

[e]     to correct any defect, cure any omission, or reconcile any inconsistency in this Plan, or the Confirmation Order as may be necessary, consistent with the requirements of the Bankruptcy Code and Bankruptcy Rules to carry out the purposes and intent of this Plan, including the adjustment of the date[s] of performance under this Plan in the event the Effective Date does not occur as provided herein, so that the intended effect of this Plan may be substantially realized thereby;

[f]     to approve all Fee Claims;

[g]     to hear and determine any causes of action arising prior to the Effective Date or thereafter or in any way related to this Plan or the transactions contemplated hereby against the Debtor;

[h]     to determine any and all applications pending on Confirmation for the rejection, assumption or assignment of Contracts and the allowance of any Claim resulting therefrom;

[i]     to determine such other matters and for such other purposes as may be provided in the Confirmation Order;

[j]     to hear and determine any and all adversary proceedings, applications, and contested matters, including any remands of appeals;

[k]     to ensure that distributions to holders of Allowed Claims are accomplished as provided herein;

[l]     to hear and determine any timely objections to or applications concerning Claims or the allowance, classification, priority, compromise, estimation, or payment of any Claim, or Interest;

[m]     to enter and implement such orders as may be necessary or appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, reversed, or vacated;

[n]     to enter and implement such orders as may be necessary or appropriate to execute, interpret, implement, consummate, or enforce the Plan and the transactions contemplated thereunder;

[o]     to hear and determine matters concerning state, local, and federal taxes in accordance with §§ 346, 505, and 1146, Bankruptcy Code;

[p]     to hear and determine claims of exemptions;

[q]     to enter a discharge of the Debtor;

[r]     to enforce orders of the Bankruptcy Court determining the status of Exempt Property; and

[s]     to determine claims under 11 U.S.C. § 506[c] against the holders of any Allowed Secured Claim.

### 11.2    *Failure of the Bankruptcy Court to Exercise Jurisdiction*

If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising in, arising under or related to the Case, including the matters set forth in Section 11.1 of the Plan, this Article 11 shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having jurisdiction with respect to such matter.

### ARTICLE 12: MISCELLANEOUS PROVISIONS

### 12.1    *Setoff Rights*

In the event that the Debtor has a claim of any nature whatsoever, including but not limited to a 11 U.S.C. 506[c] claim, against the holder of a Claim, the Debtor may, but is not required to, setoff against the Claim [and any payments or other distributions to be made in respect of such Claim hereunder], subject to the provisions of section 553 of the Bankruptcy Code.  Neither the failure to setoff nor the allowance of any Claim under the Plan shall constitute a waiver or release by the Debtor of any claim that the Debtor may have against the holder of a Claim.

### 12.2    *Discharge*

The Court shall grant a discharge on [i] completion of all payments under the Plan or [ii] after notice and a hearing, if [a] the value as of the Effective Date of property actually distributed under the Plan on account of each Allowed Unsecured Claim is not less than the amount that would have been paid on such Claim if the estate of the Debtor had been liquidated under Chapter 7 of the Bankruptcy Code on the Effective Date; [b] modification of the Plan under Section 1127 of the Bankruptcy Code is not practicable; and [c] the requirements of Section 1141(d)(5)(C) of the Bankruptcy Code are met.   Such discharge shall apply as to all existing debts and Claims of any kind, nature or description whatsoever against the Debtor or any of his assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code, including but not limited to Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date and all debts of the kind specified in sections 502[g], 502[h] or 502[i] of the Bankruptcy Code, whether or not [x] a Proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code; [y] a Claim based upon such debt is allowed under section 502 of the Bankruptcy Code; or [z] the holder of a Claim has accepted the Plan.  As provided in section 524 of the Bankruptcy Code, entry of the discharge shall void any judgment against the Debtor at any time obtained to the extent it relates to a Claim discharged and operates as an injunction against the prosecution of any action against the Debtor or any of his property, to the extent it relates to a Claim discharged. The order of the Bankruptcy Court discharging the Debtor shall constitute a judicial determination, of the discharge of all such Claims and other debts and liabilities of the Debtor, pursuant to Sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void and extinguish any judgment obtained against the Debtor, as reorganized, at any time, to the extent such judgment is related to a discharged Claim.

As of the Effective Date, except as provided in the Plan or the Confirmation Order, all holders of Claims against the Debtor shall be precluded from asserting against the Debtor, as reorganized, or his respective successors or property, any other of further Claims, debts, rights, causes of action, liabilities based upon any act, omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date.

### 12.3    *Injunctions*

The Confirmation Order shall contain such injunctions as may be necessary and helpful to effectuate the discharge of the Debtor provided herein.  Without limiting the generality of the foregoing, such injunction shall include an absolute prohibition from collecting Claims or asserting control of property of the estate as it has revested in the Reorganized Debtor pursuant to Section 7.1 of the Plan in any manner other than as provided for in the Plan.  Provided however, that parties to assumed Contracts shall not be enjoined from pursuing their rights and remedies under such Contracts and may exercise their rights and remedies in accordance with the terms and conditions of such Contract.

### 12.4    *Pre-Petition Date Lawsuits/Insurance*

On the Effective Date, lawsuits, litigations, administrative actions or other proceedings, judicial or administrative, in connection with the assertion of a Claim shall be dismissed as to the Reorganized Debtor; provided however, if an appeal or post judgment of any such matter is pending as of the Confirmation Date, the Claim shall be determined by the court[s] in which such case is pending; provided further that if such case is reversed or remanded to the trial court, the Claim shall be asserted and finally determined by the Bankruptcy Court.

Dismissals of proceedings provided herein shall be with prejudice to the assertion of such Claim in any manner other than as prescribed by the Plan.  All parties to any such action shall be enjoined by the Bankruptcy Court in the Confirmation Order from taking any action to impede the immediate and unconditional dismissal of such actions.  Confirmation and consummation of the Plan shall have no effect on insurance policies of the Debtor in which the Debtor are or were the insured party; the Reorganized Debtor shall become the insured party under any such policies. Each insurance company is prohibited from, and the Confirmation Order shall include an injunction against, denying, refusing, altering or delaying coverage on any basis regarding or related to the Debtor's bankruptcy, the Plan or any provision within the Plan, including the treatment or means of liquidation set out within the Plan.

### 12.5    *De Minimis Distributions*

No distribution of less than $25.00 shall be made to any holder of an Allowed Claim.  Such undistributed amount will be retained by the Reorganized Debtor.

### 12.6    *Payment of Statutory Fees*

The Reorganized Debtor shall be responsible for the timely payment of fees incurred pursuant to 28 U.S.C. § 1930[a][6] until the clerk of the Bankruptcy Court closes the Case.  The Reorganized Debtor shall file with the Court and serve upon the U.S. Trustee a quarterly financial report for each quarter [or portion thereof] that the Case remain open in a format prescribed by the U.S. Trustee.

**12.7** *Post-Effective Date Fees and Expenses of Professional Persons*

Except as provided in this Plan, after the Effective Date, the Reorganized Debtor shall, in the ordinary course of business and without the necessity for any approval by the Bankruptcy Court, pay the reasonable fees and expenses of the Professional Persons employed by the Reorganized Debtor, related to the implementation and consummation of the Plan, provided, however, that no such fees and expenses shall be paid except upon receipt by the Reorganized Debtor of a written invoice, which invoice shall also be served upon counsel for the Debtor, and the United States Trustee, by the Professional Person seeking fees and expense reimbursement and provided, further, however, that the Reorganized Debtor may, within 10 days after receipt of an invoice for fees and expenses, request the Bankruptcy Court to determine any such request and the Bankruptcy Court shall have jurisdiction to do so. In such event, the Bankruptcy Court shall apply the same standard for approval of fees and expenses as applied throughout the Case.

**12.8** *Bankruptcy Restrictions*

From and after the Effective Date, the Reorganized Debtor shall no longer be subject to the restrictions and controls provided by the Bankruptcy Code [*e.g.*, section 363 or 364]. The Reorganized Debtor may conduct his affairs in such manner as is consistent with Entities not in bankruptcy without the need of seeking Bankruptcy Court approval. No monthly operating reports will be filed after the Effective Date; however, the Reorganized Debtor shall provide the U.S. Trustee such financial reports as the U.S. Trustee may reasonably request until the entry of a final decree.

**12.9** *Binding Effect*

The Plan shall be binding upon and inure to the benefit of the Debtor, the holders of Claims and their respective successors and assigns; provided, however, that if the Plan is not confirmed, the Plan shall be deemed null and void and nothing contained herein shall be deemed [i] to constitute a waiver or release of any Claims by the Debtor, or any other Entity, [ii] to prejudice in any manner the rights of the Debtor, or any other Entity, or [iii] to constitute any admission by the Debtor, or any other Entity.

**12.10** *Governing Law*

Unless a rule of law or procedure is supplied by federal law [including the Bankruptcy Code and Bankruptcy Rules], the internal laws of the State of Texas shall govern the construction and implementation of the Plan and any agreements, documents and instruments executed in connection with the Plan or the Case, except as may otherwise be provided in such agreements, documents and instruments.

### 12.11 *Modification of Plan*

Except as provided in section 1127(e) of the Bankruptcy Code, modifications of the Plan may be proposed in writing by the Debtor at any time before the Confirmation Date, provided that [a] the Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code and [b] the Debtor shall have complied with section 1125 of the Bankruptcy Code. The Plan may be modified at any time after the Confirmation Date and before substantial consummation by the Debtor, provided that [i] the Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code, [ii] the Bankruptcy Court, after notice and a hearing, confirms the Plan as modified, under section 1129 of the Bankruptcy Code and [iii] the circumstances warrant such modifications. The Plan may be modified after substantial consummation of the Plan in accordance with section 1127(e) of the Bankruptcy Code. A holder of a Claim that has accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless, within the time fixed by the Bankruptcy Court, such holder changes its previous acceptance or rejection.

### 12.12 *Creditor Defaults*

Any act or omission by a creditor in contravention of a provision within this Plan shall be deemed an event of default under this Plan. Upon an event of default, the Reorganized Debtor may seek to hold the defaulting party in contempt of the Confirmation Order. If such creditor is found to be in default under the Plan, such party shall pay the reasonable attorneys' fees and costs of the Reorganized Debtor in pursuing such matter. Furthermore, upon the finding of such a default by a creditor, the Bankruptcy Court may [a] designate a party to appear, sign and/or accept the documents required under the Plan on behalf of the defaulting party, in accordance with Federal Rule of Civil Procedure 70 or [b] make such other order as may be equitable which does not materially alter the terms of the Plan as confirmed. Save and except with respect to Ad Valorem Taxing Authorities, upon the payment in full of any Allowed Secured Claim as provided under this Plan, the holder of such Allowed Secured Claim shall execute, deliver and file a release of all liens and security interests securing its Allowed Secured Claim within forty-five [45] days of such payment and in the event it fails to do so, shall, as liquidated damages, pay to the Debtor a sum in cash equal to the greater of $3,000 or the Debtor's actual costs of enforcing this provision.

### 12.13 *Default by the Debtor*

In the event that the holder of an Allowed Claim asserts that a default under the Plan has occurred by the Debtor, such creditor must provide the Debtor with written notice ["Notice"] of such default to the following address: 4694 FM 2869, Winnsboro, Texas 75494 via overnight mail or similar same-day or express delivery. If the default asserted in the Notice remains uncured on the fifteenth [15th] day from the date on which such Notice is sent, the holder of such Allowed Claim may pursue any rights or remedies it may have under applicable non-bankruptcy law, whether state, federal or otherwise.

### 12.14 *Severability*

SHOULD THE BANKRUPTCY COURT DETERMINE THAT ANY PROVISION OF THE PLAN IS UNENFORCEABLE EITHER ON ITS FACE OR AS APPLIED TO ANY CLAIM OR TRANSACTION, THE DEBTOR MAY MODIFY THE PLAN IN ACCORDANCE WITH SECTION 12.11 OF THE PLAN SO THAT SUCH PROVISION SHALL NOT BE APPLICABLE TO THE HOLDER OF ANY CLAIM. SUCH A DETERMINATION OF UNENFORCEABILITY SHALL NOT [1] LIMIT OR AFFECT THE ENFORCEABILITY AND OPERATIVE EFFECT OF ANY OTHER PROVISION OF THE PLAN OR [2] REQUIRE THE RESOLICITATION OF ANY ACCEPTANCE OR REJECTION OF THE PLAN.

### 12.15 *Integration Clause*

This Plan is a complete, whole, and integrated statement of the binding agreement between the Debtor, creditors, and the parties-in-interest upon the matters herein.

### 12.16 *Exculpations*

Neither the Debtor, nor his agents or attorneys, shall have or incur any liability to any holder of a Claim for any act, event or omission in connection with, or arising out of, the Case, the confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan, except for willful misconduct or gross negligence.

### 12.17 *Responsible Person/Co-Debtor Injunction*

THE CONFIRMATION ORDER SHALL CONSTITUTE AND PROVIDE FOR A TEMPORARY INJUNCTION, AS OF THE EFFECTIVE DATE, AGAINST THE COMMENCEMENT OR CONTINUATION OF ANY ACTION OR PROCEEDING TO RECOVER ON ANY ALLOWED SECURED CLAIM AGAINST A PROTECTED PARTY, SO LONG AS THE REORGANIZED DEBTOR IS NOT IN DEFAULT OF THE PAYMENT TERMS PROVIDED SUCH CLAIM AS SET FORTH IN THIS PLAN. THE INJUNCTION SHALL BECOME A PERMANENT INJUNCTION AS TO ALLOWED SECURED CLAIMS UPON PAYMENT IN FULL OF SUCH ALLOWED SECURED CLAIM AS SET FORTH IN THIS PLAN.

### 12.18 *Resolution of Exemption Contests*

Confirmation of the Plan shall resolve the Objections to Debtor's Claimed Exemptions [Docket No. 52] filed by Todd and Dawn Aaron, and First Victoria National Bank's Objection to Debtor's Claimed Exemptions [Docket No. 54].

Dated:  March 25, 2014.

/s/ Howard Marc Spector
Howard Marc Spector
TBA #00785023
Spector & Johnson PLLC
12770 Coit Road, Suite 1100
Dallas, Texas 75251
[214] 365-5377
FAX: [214] 237-3380
EMAIL: hspector@spectorjohnson.com

COUNSEL FOR GARY R. GRIFFITH