

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 14, 2017**

_____

**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | Case No. 13-33404-HDH-11 |
| Gary R. Griffith | § | |
| | § | |
| Debtor. | § | (Chapter 11) |

### ORDER GRANTING DEBTOR'S AMENDED MOTION TO
### SELL REAL AND PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 363(f)

CAME ON FOR CONSIDERATION BY THE COURT the Amended Motion to Sell Real and Personal Property Pursuant to 11 U.S.C. § 363(f) (the "Motion" [Docket No. 218]),[1] filed by Gary R. Griffith (the "Debtor"), and having reviewed same, having considered the evidence in support of the Motion, having received no objections thereto, the Court find and concludes as follows:

1. Notice and service of the Motion were due and proper.

2. The following persons or entities have validly perfected liens, claims and encumbrances upon the Property (as defined below):

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

   a.   City National Bank;
   b.   Wood County Appraisal District;
   c.   Winnsboro ISD;
   d.   Wood County Tax Assessor;
   e.   Wood County Waste Disposal District;
   f.   First Victoria National Bank; and
   g.   Todd & Dawn Aaron.

3.   The following liens, claims and encumbrances are subject to a bona fide dispute.  No objections were filed to the Motion by such parties, and it is therefore proper under 11 U.S.C. § 363(f) to sell the Property free and clear of such parties' liens, claims and encumbrances:

| Creditor Name | Filing Reference Number and Location |
|---|---|
| Berkley Aviation, LLC<br>1101 Anacapa, Suite 200<br>Santa Barbara, CA 93101 | 12-0033895293<br>Texas Secretary of State |
| Patriot Bank<br>7500 San Felipe<br>Suite 220<br>Houston, TX 77063 | 12-0009990000 and<br>12-00342093<br>Texas Secretary of State |
| Patriot Bank<br>7500 San Felipe<br>Suite 125<br>Houston, TX 77063 | Instrument Number<br>2013-0009716<br>Wood County Real<br>Property Records |

4.   The Motion is well taken and should be granted.  It is therefore,

ORDERED, ADJUDGED AND DECREED that the sale of the real property and improvements (together with certain limited personal property, the "Property") located at 4694 N. FM 2869, Winnsboro, Texas 75494 and more fully described in the legal description attached hereto as Exhibit "A" for $1,800,000.00 to Patrick Garrison and Shannon Garrison or their assignee (whether one or more, the "Buyer") is approved; it is further

ORDERED, ADJUDGED AND DECREED that the Debtor is hereby authorized and directed to execute any and all documents reasonably necessary to convey title to the Property to Buyer free and clear of all liens, claims and encumbrances and the sale provided for herein to the Buyer shall be free and clear of all liens, claims and encumbrances on the Property; it is further

ORDERED, ADJUDGED AND DECREED that at the closing of such sale, the Debtor (or any party acting at the Debtor's direction, such as a closing agent, title company or escrow agent) is hereby authorized and directed to pay the normal costs associated with closing the sale of the Property (together, the "Closing Costs") including,

but not limited to, brokerage fees, title insurance, processing fees, underwriting fees, flood certifications, application fees, escrow fees, abstract or title search fees, title examination fees, document preparation fees, and notary fees; it is further

ORDERED, ADJUDGED AND DECREED that at the closing of such sale, the Debtor (or any party acting at the Debtor's direction, such as a closing agent, title company or escrow agent) is hereby authorized and directed to disburse to any ad valorem taxing authority which holds a lien on the Property, all sums due such taxing authority for tax years 2017 and prior as of the closing date, together with interest and penalties, if any, accrued at the applicable rate; it is further

ORDERED, ADJUDGED AND DECREED that at the closing of such sale, the Debtor (or any party acting at the Debtor's direction, such as a closing agent, title company or escrow agent) is hereby authorized and directed to disburse to City National Bank ("City Bank") an amount sufficient to fully pay the claims of City Bank which encumber the Property as of the date of closing, including principal, interest, fees, and all amounts hereby allowed by 11 U.S.C. § 506(b) and Federal Rule of Bankruptcy Procedure 2016. All payments to City Bank shall be delivered to City Bank at an address designated by City Bank in writing; it is further

ORDERED, ADJUDGED AND DECREED that at the closing of such sale, the Debtor (or any party acting at the Debtor's direction, such as a closing agent, title company or escrow agent) is hereby authorized and directed to disburse to First Victoria National Bank ("Victoria Bank") an amount sufficient to fully pay the claims of Victoria Bank which encumber the Property as of the date of closing, including principal, interest, fees, and all amounts hereby allowed by 11 U.S.C. § 506(b) and Federal Rule of Bankruptcy Procedure 2016. All payments to Victoria Bank shall be delivered to Victoria Bank at an address designated by Victoria Bank in writing; it is further

ORDERED, ADJUDGED AND DECREED that at the closing of such sale, the Debtor (or any party acting at the Debtor's direction, such as a closing agent, title company or escrow agent) is hereby authorized and directed to disburse to Todd Aaron and Dawn Aaron (the "Aarons") an amount sufficient to fully pay the claims of the Aarons which encumber the Property as of the date of closing, including principal, interest, fees, and all amounts hereby allowed by 11 U.S.C. § 506(b) and Federal Rule of Bankruptcy Procedure 2016. All payments to the Aarons shall be delivered to the Aarons at an address designated, in writing, by the Aarons and the court-appointed receiver charged with collecting amounts owed by the Debtor to the Aarons, Robert E. Jenkins; it is further

ORDERED, ADJUDGED AND DECREED that any and all sales proceeds remaining after the payment of the above liens and fees as set forth in the preceding paragraphs shall be delivered to Gary R. Griffith and Stephanie Griffith at an address designated by them in writing; it is further

ORDERED, ADJUDGED AND DECREED that the stay provided in Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived; it is further

ORDERED, ADJUDGED AND DECREED that the Buyer is afforded the protections of good faith purchasers as provided in 11 U.S.C. § 363(m).

###End of Order###

Submitted by:

Howard Marc Spector
State Bar No. 00785023
SPECTOR & JOHNSON, PLLC
12770 Coit Road, Suite 1100
Dallas, Texas 75251
(214) 365-5377 /(214) 237-3380 (fax)
Email: hspector@spectorjohnson.com

ATTORNEY FOR DEBTOR

# EXHIBIT A

## Page 1 of 3 pages

BEING all of that certain lot, tract, or parcel of land situated in the F. L. Smith Survey, Abstract No. 522, and in the J. A. Greer Survey, Abstract No. 228, Wood County, Texas and being all of a called 451.370 acre tract described in a Deed from Arjaybe, Inc. to Sandy Creek Ranch, Inc. dated January 2, 1996 as shown of record in Volume 1471, Page 336, Real Property Records, Wood County, Texas, said 451.370 acre tract being all of a called 447.864 acre tract (449.118 acres less and except 1.254 acres) described in a Deed from Ruth Stuart, etal to Joel C. Peterson and wife Diana J. Peterson dated May 17, 1985 as shown of record in Volume 969, Page 499, Real Property Records, Wood County, Texas, all of a called 1.254 acre tract described in a Deed from Ruth Stuart to Joel C. Peterson and wife Diana J. Peterson dated May 17, 1985 as shown of record in Volume 969, Page 496, Real Property Records, Wood County, Texas and part of a called 153.50 acre tract described in a Deed from Benny Blundell and wife Sandra Blundell to Joel C. Peterson and wife Diana J. Peterson dated June 14, 1985 as shown of record in Volume 972, Page 612, Real Property Records, Wood County, Texas said lot, tract, or parcel of land being more particularly described by metes and bounds as follows:

BEGINNING at a 5/8 inch iron rod found at the Northeast corner of said 447.864 acre tract, same being the Southeast corner of a called 50 acre tract described in a Deed from E. L. Gearner amd wife Marie Gearner to Elmer Wayne Gearner etal dated January 30, 1990 as shown of record in Volume 1191, Page 301, Real Property Records, Wood County, Texas, a 12 inch Red Oak marked "X" bears S 72° 52' W a distance of 16.4 feet, a 16 inch Red Oak marked "X" bears S 09° 27' W a distance of 31.0 feet, said POINT OF BEGINNING being in the called East line of said Smith Survey;

THENCE S 00° 28' 31" E along the East boundary fence of said 447.864 acre tract and the called East line of said Smith Survey, a distance of 529.88 feet to a 1/2 inch iron rod found at the Southwest corner of a called 43.219 acre tract described in a Contract of Sale and Purchase from the Veterans Land Board of Texas to Andrew C. Wojthiewicz dated July 25, 1990 as shown of record in Volume 1211, Page 635, Real Property Records, Wood County, Texas;

THENCE S 00° 18' 22" E continuing along said East boundary fence, a distance of 1516.13 feet to a 1/2 inch iron rod set at a "down" fence intersection and at an angle point in the East line of said 447.864 acre tract;

THENCE S 00° 36' 30" E continuing along said East boundary fence, a distance of 1299.08 feet to a 1/2 inch iron rod found at an ell corner of said 447.864 acre tract and the called Northwest corner of said Greer Survey, same being the Southwest corner of a called 25 acre tract described in a Deed from Kenneth Ray Henson to Kenneth Ray Henson Family Partnership dated April 14, 1999 as shown of record in Volume 1667, Page 478, Real Property Records, Wood County, Texas;

THENCE S 88° 50' 20" E along the South line of said 25 acre tract and the called North line of said Greer Survey, a distance of 58.48 feet to a 1/2 inch iron rod found at the most Southerly Northeast corner of said 447.864 acre tract and in the centerline of an abandoned railroad grade;

THENCE Southerly along the centerline of said abandoned railroad grade, same being the East line of said 447.864 acre tract, as follows:
S 31° 57' 40" E a distance of 573.00 feet to a 1/2 inch iron rod set;
S 10° 14' 58" E a distance of 249.23 feet to a 1/2 inch iron rod set;

# EXHIBIT A

## Page 2 of 3 pages

S 05° 03' 06" W a distance of 179.19 feet to a 1/2 inch iron rod found;
S 13° 58' 50" W a distance of 215.57 feet to a 1/2 inch iron rod found;
S 14° 29' 01" W a distance of 231.11 feet to a 1/2 inch iron rod set;
S 23° 18' 46" W a distance of 155.48 feet to a 1/2 inch iron rod found;
S 34° 25' 24" W a distance of 225.69 feet to a 1/2 inch iron rod found;
at the most Southerly Southeast corner of said tract;

THENCE N 89° 29' 45" W along the most Southerly South line of said 447.864 acre tract, a distance of 138.91 feet to a 5/8 inch iron rod found at a fence intersection in the East line of said Smith Survey and the West line of said Greer Survey and at the Northwest corner of a called 33.237 acre tract described in a Deed from Benny Blundell and wife Sandra Blundell to Dr. Robert Van Blair and wife Dr. Kim F. Burlingham dated September 11, 1982 as shown of record in Volume 1301, Page 9, Real Property Records, Wood County, Texas;

THENCE N 89° 25' 13" W along the most Southerly South boundary fence of said 447.864 acre tract, a distance of 1426.90 feet to a 1/2 inch iron rod found at the most Southerly Southwest corner of said tract and being in the West line of a called 153.035 acre tract described in a Deed from Diana J. Peterson to Oscar D. Cruse and wife Margaret B. Cruse dated February 4, 1994 as shown of record in Volume 1373, Page 787, Real Property Records, Wood County, Texas;

THENCE N 02° 00' 46" E along a West boundary fence of said 447.864 acre tract, same being the East boundary fence of said 153.035 acre tract, a distance of 1124.27 feet to a 1/2 inch iron rod found at an angle point in said fence;

THENCE N 01° 24' 38" W continuing along said common boundary fence, a distance of 378.41 feet to a 1/2 inch iron rod found at an East corner of said 153.035 acre tract;

THENCE N 27° 21' 05" W along a Northeast line of said 153.035 acre tract, a distance of 208.12 feet to a 1/2 inch iron rod found at the Northeast corner of said tract and in the middle South line of said 447.864 acre tract;

THENCE N 88° 40' 29" W along the North line of said 153.035 acre tract, same being a South line of said 447.864 acre tract, a distance of 380.04 feet to a 1/2 inch iron rod found at an angle point in said line;

THENCE N 89° 45' 26" W continuing along said last mentioned North line and said last mentioned South line, a distance of 1145.92 feet to a 1/2 inch iron rod found at an angle point in said line;

THENCE S 89° 35' 29" W continuing along said last mentioned North line and said last mentioned South line, a distance of 421.13 feet to a 5/8 inch iron rod found at a fence intersection at the Northwest corner of said 153.035 acre tract and the middle Southwest corner of said 447.864 acre tract, a 28 inch Red Oak marked "X" bears N 03° 21' E a distance of 4.3 feet;

THENCE N 01° 24' 03" W along a West boundary fence of said 447.864 acre tract, same being the East line of a called 46.05 acre tract described in a Deed from R. E. Bethurum and wife Verna Mae Bethurum to T. E. Moyer and wife Jean Moyer dated September 17, 1968 as shown of record in Volume 598, Page 723, Deed Records, Wood County, Texas, a distance of 490.42 feet to a 5/8 inch iron rod found at a fence corner at the Northeast corner of said 46.05 acre tract and an ell corner of said 447.864 acre tract, a 26 inch Pine marked "X" bears N 63° 18" W a distance of 29.2 feet;

# EXHIBIT A

## Page 3 of 3 pages

THENCE N 88° 25' 39" W along a South boundary fence of said 447.864 acre tract, same being the North boundary fence of said 46.05 acre tract, a distance of 1699.67 feet to the most Westerly Southwest corner of said 447.864 acre tract and in the West right-of-way line of Texas Farm Road No. 2869, a 1/2 inch iron rod found bears S 88° 25' E a distance of 0.54 feet;

THENCE Northwesterly along said right-of-way line, same being along a curve to the left that is concentric with and 50.00 feet from the centerline of said Farm Road, said curvey having a central angle 07° 19' 00", a radius of 1959.85 feet, a long chord length of 250.11 feet, a long chord bearing of N 05° 34' 25" W, a distance of 250.28 feet to a 1/2 inch iron rod set at a point of tangency;

THENCE N 09° 13' 56" W continuing along said right-of-way line, same being parallel with and 50.00 feet perpendicular distance from said centerline, a distance of 1006.95 feet to a concrete right-of-way marker;

THENCE Northwesterly continuing along said right-of-way line, same being along a curve to the right that is concentric with and 50.00 feet from the centerline of said Farm Road, said curve having a central angle of 16° 10' 26", a radius of 1859.85 feet, a long chord length of 523.27 feet, a long chord bearing of N 01° 07' 57" W, a distance of 525.02 feet to a 1/2 inch iron rod set at a point of tangency;

THENCE N 06° 58' 01" E continuing along said right-of-way line, same being parallel with and 50.00 feet perpendicular distance from said centerline, a distance of 241.74 feet to a 1/2 inch iron rod set at a point of right-of-way change;

THENCE N 18° 16' 37" E continuing along said right-of-way line, a distance of 203.96 feet to a concrete right-of-way marker;

THENCE N 06° 58' 01" E continuing along said right-of-way line, same being parallel with and 90.00 feet perpendicular distance from said centerline, a distance of 153.19 feet to a concrete right-of-way marker;

THENCE N 04° 30' 22" W continuing along said right-of-way line, a distance of 202.26 feet to a concrete right-of-way marker;

THENCE N 07° 01' 23" E continuing along said right-of-way line, same being parallel with and 50.00 feet perpendicular distance from said centerline, a distance of 236.20 feet to a concrete right-of-way marker;

THENCE N 07° 18 '51" E continuing along said right-of-way line, same being parallel with and 50.00 feet perpendicular distance from said centerline, a distance of 23.42 feet to a 1/2 inch iron rod found at the Northwest corner of said 447.864 acre tract;

THENCE S 89° 31' 48" E along the North line of said 447.864 acre tract, same being the South lines of a called 80 acre tract, a called 38.47 acre tract, and said Gearner 50 acre tract as descibed in said Deed to Elmer Wayne Gearner as shown of record in Volume 119a, Page 301, Real Property Recors, Wood County, a distance of 5240.04 feet to the POINT OF BEGINNING and containing 451.370 acres of land, of which approximately 11.92 acres lie within said Greer Survey and approximately 439.46 acres lie within said Smith Survey.

The Company is prohibited from insuring the area or quantity of the land described herein. Any statement in the above legal description of the area or quantity of land is not a representation that such area or quantity is correct, but is made only for informational and/or identification purposes and does not override Item 2 of Schedule B hereof.